IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

vs.                              NO. 24-CR-00640-MLG

**HERBERT BEN, JR.,**

                **Defendant.**

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE OF VICTIMS' PRIOR STATEMENTS**

**COMES NOW** Defendant Herbert Ben, Jr. ("Ben"), by and through undersigned counsel, Marshall Ray and Nicole Moss, and hereby submits his Response in Opposition to the United States' Motion *in Limine* to Admit Trustworthy Statements of Child Victims ("Motion") (**Doc**. **67**). The Government's request to admit the prior forensic interviews rests on the flimsiest of justifications-the residual hearsay exception. Admission of such evidence would be an egregious misuse of the hearsay exception and would violate Mr. Ben's right to a fair trial and due process. Such a motion is likely motivated by the United States' uneasiness about the availability and cooperation of its own witnesses, but that is certainly not a justification for bypassing the rules of evidence or Mr. Ben's constitutional rights.

**I.**        **The Residual Hearsay Exception is Not Met in this Case.**

Federal Rule of Evidence 807 permits admission of hearsay statements not covered by other exceptions only when: (1) the statement is supported by sufficient guarantees of

1

trustworthiness after considering the totality of circumstances and any corroborating evidence, and (2) the statement is more probative than any other evidence obtainable through reasonable efforts.  Federal Rules of Evidence Rule 807.  The Tenth Circuit has emphasized that Rule 807 "should be used only in 'extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice.'" *United States v. Harrison*, 296 F.3d 994 (2002)).  Because the residual exception is intended for exceptional circumstances, proponents bear a "heavy burden" of presenting sufficient indicia of trustworthiness *United States v. Trujillo*, 136 F.3d 1388, 1396 (1998). "'It is intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances.' S.Rep. No. 93–1277, at 36 (1974), reprinted in 1974 U.S.C.C.A.N. 7051, 7066." *United States v. Trujillo*, 136 F.3d at 1395–96.

The United States relies on the *United States v. Burgess* to support the notion that the out-of-court forensic interviews should be admitted.  Mr. Ben recognizes that the Tenth Circuit upheld the admission of such evidence in the case before it.  Nevertheless, the Tenth Circuit was careful to note:

> We do not derive any per se rule from these cases. They establish only that the district court has discretion to permit hearsay testimony about a testifying child's out-of-court statements about sexual abuse under Rule 807's residual exception to the rule against hearsay. In Peneaux, the Eighth Circuit noted, in reviewing the trial court's decision to admit such hearsay under Rule 807, that " 'a deferential standard of review' is appropriate where the district judge 'was able to watch and listen to the witnesses as they testified.' " 432 F.3d at 893 (quoting *United States v. Shaw*, 824 F.2d 601, 609 (8th Cir. 1987), abrogated on other grounds by *Wright*, 497 U.S. 805, 110 S.Ct. 3139 (1990)). The same is true in this case. Affording that deferential review to the district court's Rule 807 ruling, we cannot say that the district court abused its discretion in determining that the recorded interview was "more probative on the point for which it is offered"—what sex acts Burgess committed against P.G. on Friday, April 19—"than any

> other evidence that the proponent can obtain through reasonable efforts," Rule 807(a)(2). That is, we cannot say that the district court's determination was " 'a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.' " *Walker*, 85 F.4th at 979 (quoting *Merritt*, 961 F.3d at 1111).

*United States v. Burgess*, 99 F.4th 1175, 1187 (10th Cir. 2024)

In other words, there is no special rule that child sex victims' live testimony is not required or that it can be bolstered by out-of-court testimonial statements. Rather, the Tenth Circuit determined in *Burgess* that the District Court viewed the trial and was in the best position to exercise discretion regarding the admissibility of evidence before it.

Moreover, the indicia of trustworthiness that the United Staes identifies here are not compelling. First, the Government asserts that there is a "closeness in time" between the disclosures in the forensic interview and the alleged abuse. The United States accomplishes this sleight-of-hand assertion by stretching the timeframe of the allegation across four years. See Doc. 60, in which the Government contends, presumably with a straight face: "Defendant sexually abused JANE DOE 1 and 2 from about 2018 to 2022. The children were forensically interviewed in 2022 (and DOE 1 again in 2023). This is not a case of lengthy delayed disclosure but rather the children were interviewed close in time to the offenses."

The tenor of the evidence presented thus far is that the Government does not really know when the alleged abuse occurred. What is known is that the Superseding indictment stretched the timeframes on all three counts considerably. If abuse happened in 2018 and was not disclosed until 2022, then the proffered forensic interviews are substantially delayed. Such lack of specificity regarding timeframes and likely very delayed disclosure

3

cut heavily against the trustworthiness and reliability of the statements. *See, e.g.*, *United States v. Burgess*, 99 F.4th 1175, 1184 (10th Cir. 2024) (citing

6

*United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995)); *United States v. Farley*, 992 F.2d 1122, 1126 (10th Cir. 1993).

The United States also refers to the consistency of the disclosures, but then references inconsistencies in its own brief. *See, e.g.*, Doc. 86 at 6 (arguing "JANE DOE 2 disclosed the sexual abuse briefly to R.B. on August 20, 2022, and then, consistent with that disclosure, she disclosed more fully to the forensic interviewer on August 25, 2022"). Furthermore, consistency is just as likely evidence of coaching as it is of trustworthiness-especially when the disclosures are unchallenged by any cross-examination or questioning conducted with any level of skepticism.

There are other factors weighing against the trustworthiness of the forensic interviews. The two girls allegedly disclosed at the same time, while riding in the car, listening to their mother and one another. There is no physical evidence. A SANE exam was not conducted on either alleged victim. Nor did R.B. have either one tested for STIs. There are no corroborating witnesses to the charged conduct.

The United States also asserts that the forensic interviews are the best evidence. Yet the alleged victims are on the witness list, meaning they are expected to offer live testimony, under oath, subject to cross-examination. The residual hearsay exception does not exist to give the Government a short cut to convictions. The exception does not apply here.

More recently, in 2024, the Tenth Circuit reversed a district court's admission of a child's forensic interview. The Tenth Circuit referenced Burgess, and then pointed out how the forensic interview being proffered had indicia that weighed against admission. The Tenth Circuit criticized the district court for crediting various factors in favor of admission, while failing to "pay[] equal mind to the factors that diluted its trustworthiness. *United States v. McFadden*, 116 F.4th 1069, 1084 (10th Cir. 2024). The Tenth Circuit noted that, while spontaneity can be an indicator of trustworthiness, a forensic interview is the opposite of spontaneous. Rather, the child knows the purpose of the interview ahead of time. "When a child is brought into a forensic interview knowing that the purpose of the interview is to discuss alleged abuse, this court has concluded that those interview statements lack spontaneity." *United States v. McFadden*, 116 F.4th 1069, 1085 (10th Cir. 2024).

The Tenth Circuit also pointed out that, "the record substantiates that K.W. spoke with several adults about McFadden before his interview with Detective Prescott. This type of intervention could undermine the trustworthiness of a child's out-of-court statements." *Id*. at 1085. Additionally, the Tenth Circuit in McFadden analyzed "consistency" in a manner that is contradictory to the United States' approach:

> [I]n *Burgess*, we deemed the child's statements "consistent" because her spontaneous admissions about the abuse to a trusted adult matched the statements she made to her mother the next day, as well as the statements she made in a forensic interview conducted three days later. 99 F.4th at 1179, 1184. In both cases, we limited our consideration of the child's consistency to the time "when the [hearsay] statement was made." *Id*. (quoting *Tome*, 61 F.3d at 1453).

*United States v. McFadden*, 116 F.4th 1069, 1085 (10th Cir. 2024). Here, there is no spontaneous contemporaneous disclosure to compare. The first "disclosure" was allegedly

5

to R.B. It is not recorded. There is no contemporaneous evidence of what such disclosures were except what R.B. may state. Mr. Ben has averred that R.B. is motivated to lie because of her domestic dispute with him. Thus, there is nothing contemporaneous to which to compare the forensic interviews. The United States' insistence that the girls' statements are "consistent" is really untestable.

In the final analysis, the United States' overreliance on *Burgess* is misplaced. *McFadden* better guides the analysis of this case. *McFadden*'s caution applies with equal force here:

> [*United States v.*] *Tome* [, 61 F.3d 1446, 1452–53 (10th Cir. 1995)] doesn't command merely that a majority of the factors signal trustworthiness. Its standard is even higher: *Tome* instructs that the circumstances surrounding the offered hearsay statement must be "[un]equivocal" such that its trustworthiness is "guarantee[d]." 61 F.3d at 1453. "[A] suggestion of trustworthiness cannot suffice." [*United states v.*] *Harrison*, 296 F.3d at 1006. Our intolerance for equivocality in this arena echoes the extreme caution with which we apply Rule 807.

The trustworthiness of the hearsay evidence the United States seeks to introduce is far from "unequivocal" or "guaranteed." It is contested and uncorroborated.

Finally, Mr. Ben submits that the admission of the forensic interviews is unconstitutional. The Confrontation clause entitled Mr. Ben to cross-examine witnesses who testify against him, rather than trial by pre-recorded video of accuser's statements, offered to a trained interviewer (not an objective individual) who is trying to develop evidence for charging. The admission of the interviews and trial by video would also violate Mr. Ben's right to a fair trial.

## CONCLUSION

This Court should deny the United States' motion to allow admission of the hearsay forensic interviews. Live testimony is required in this case.

6

Respectfully submitted,
/s/ *Marshall J. Ray*
Marshall J. Ray
514 Marble Ave. NW
Albuquerque, NM 87102
(505) 312-7598

/s/ *Nicole W. Moss*
Nicole W. Moss, Esq.
514 Marble Ave NW
Albuquerque, NM 87102
(505) 244-0950

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed via the CM/ECF system on this 23th day of February 2026 causing all registered parties to be served.

/s/ *electronically filed*
Marshall J. Ray